UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENNIS M. MECCA,

                Plaintiff,

vs.                                                  Case No. 3:16-cv-1471-J-34JRK

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

                Defendant.
_____/

**REPORT AND RECOMMENDATION**[2]

**I.  Status**

Dennis M. Mecca ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of a "[b]ack injury," a "cyst on [his] kidney", high cholesterol, "suicidal thoughts," depression, and anxiety. Transcript of Administrative Proceedings (Doc. No. 16; "Tr." or "administrative transcript"), filed March 6, 2017, at 53, 65, 79, 94, 244 (emphasis and capitalization omitted). On December 13, 2012, Plaintiff filed applications for DIB and SSI, alleging an onset

---

      [1]      Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

      [2]      "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

disability date of September 1, 2012. Tr. at 53 (DIB), 65 (SSI). Plaintiff's applications were denied initially, see Tr. at 53-64, 77, 111-16 (DIB); Tr. at 65-76, 78, 117-23 (SSI), and were denied upon reconsideration, see Tr. at 79-93, 109, 129-34 (DIB); Tr. at 94-108, 110, 135-40 (SSI).

On July 27, 2015, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 29-52. The ALJ issued a Decision on September 16, 2015, finding Plaintiff not disabled through the date of the Decision. Tr. at 11-22.

The Appeals Council then accepted additional evidence in the form of a brief authored by Plaintiff's counsel. Tr. at 4-5; see Tr. at 343-45 (brief). On September 30, 2016, the Appeals Council denied Plaintiff's request for review, Tr. at 1-5, thereby making the ALJ's Decision the final decision of the Commissioner. On November 28, 2016, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff makes the following argument: "Substantial evidence does not support [the] ALJ['s] . . . findings[ ] that Plaintiff['s] . . . past relevant work was light work; or, that Plaintiff . . . is capable of light work and thus not disabled at step four [of] the sequential evaluation." Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff's Claim for a Period of Disability, Disability Insurance & Supplemental Security Income (Doc. No. 22; "Pl.'s Mem."), filed July 5, 2017, at 18 (emphasis and some capitalization omitted). On September 5, 2017, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 23; "Def.'s Mem.") addressing Plaintiff's argument.

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be affirmed.[3]

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 13-22. At step one, the ALJ determined that "[Plaintiff] has not engaged in substantial gainful activity since September 1, 2012, the alleged onset date." Tr. at 13 (emphasis and citations omitted). At step two, the ALJ found that "[Plaintiff] has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, and adjustment disorder." Tr. at 13 (emphasis

---

[3] Plaintiff requests oral argument. See Pl.'s Mem. at 1. The undersigned has determined that oral argument is not necessary prior to the issuance of a Report and Recommendation regarding the resolution of Plaintiff's appeal.

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

and citations omitted). At step three, the ALJ ascertained that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 14 (emphasis and citations omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except: no balancing or climbing ropes, ladders or scaffolds, but he is capable of occasional postural activities otherwise; no more than occasional overhead reaching; no more than frequent bilateral handling or fingering; no concentrated exposure to vibrations; and no exposure to work around moving mechanical parts or at unprotected heights. Mentally, [Plaintiff] is able to deal with the changes in a routine work setting, although he is limited to work performing simple tasks with little variation that take a short period of time to learn (up to and including 30 days).

Tr. at 16 (emphasis omitted). At step four, the ALJ relied on the testimony of the VE and found that "[Plaintiff] is capable of performing past relevant work as a Photocopy Machine Operator." Tr. at 21 (emphasis omitted). The ALJ did not make alternative findings regarding the fifth and final step of the sequential inquiry. See Tr. at 21-22. The ALJ concluded that "[Plaintiff] has not been under a disability . . . from September 1, 2012, through the date of th[e D]ecision." Tr. at 22 (emphasis and citations omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but

less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted above, Plaintiff frames his argument as follows: the ALJ committed error in 1) finding Plaintiff's past relevant work is classified as light work; and 2) finding Plaintiff is able to perform light work. See Pl.'s Mem. at 18. Plaintiff, however, does not develop in any way the first part of his argument, that the ALJ erred in finding Plaintiff's past relevant work constitutes light work. See id. at 18-19. As to the second part of his argument, he asserts the ALJ erred in finding Plaintiff had the RFC to perform light work because, according to Plaintiff, the "objective medical evidence shows spinal osteoarthritis coupled with degenerative disc disease mills in [sic] both arthritic pain and radicular nerve pain arising out of impingement of the spinal nerves." Id. at 19. Plaintiff contends that "[a]s a result of his

objective medically diagnosed impairments[,] the substantial evidence shows, at best, the ability to perform sedentary work." Id. Plaintiff then argues that had the ALJ found Plaintiff capable of performing only sedentary work, application of the Medical Vocational Guidelines ("Grids"), specifically Rule 201.14, would have directed a finding of "disabled." Id.; see 20 C.F.R. pt. 404 subpt. P, app. 2; 20 C.F.R. § 416.969 (use of Grids in SSI cases).

Responding, Defendant asserts that "Plaintiff failed to show that his impairments resulted in any mental or physical limitation in excess of his RFC for a modified range of light work." Def.'s Mem. at 8. According to Defendant, "the medical evidence revealed largely unremarkable findings, mild to moderate diagnostic testing, and no medical source has opined limitations in excess of the assessed RFC determination." Id. (citation omitted). Defendant contends that since "the ALJ properly determined Plaintiff retained the RFC to perform light work with additional limitations," Plaintiff's argument that Grid Rule 201.14 mandates a finding of "disabled," is "meritless" because this "Grid [R]ule . . . applies to individuals who have an RFC for sedentary work." Id. at 9.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling ("SSR 96-8P"), 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating

that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the undersigned finds that the ALJ's RFC assessment is supported by substantial evidence in the record. As noted above, the ALJ determined that Plaintiff is capable of performing light work with additional restrictions. See Tr. at 16. In making this determination, the ALJ discussed in detail the medical evidence and other evidence of record. See Tr. at 16-21.

The ALJ indicated the medical records show Plaintiff suffers from spinal degeneration, which "supports [Plaintiff's] alleged issues reaching, handling and fingering," but that the spinal degeneration is stable. Tr. at 20; see Tr. at 728-29 (April 2014 X-ray results showing stable findings). The ALJ noted "normal findings during testing," and the ALJ "could not find any indication that [Plaintiff] could not perform work within the [RFC]." Tr. at 20.[5]

The ALJ stated that, in May 2013, Plaintiff underwent two consultative examinations, one with Peter Knox, M.Ed., Psy.D and one with Timothy McCormick, D.O., M.P.H. Tr. at 19. The ALJ correctly indicated that "Dr. Kno[x] opined that [Plaintiff] did not have any

---

[5] It is unclear whether the ALJ's statement that there were "normal findings during testing" refers to the medical evidence in general or specifically to the medical records from Shands Jacksonville ("Shands"). Tr. at 20; see Tr. at 671-753 (Shands records). In discussing the medical evidence in general, the ALJ noted some mild to moderate diagnostic test results. See Tr. at 17-20. Specifically, the ALJ found that medical records showed "mild spondylosis," Tr. at 17; see Tr. at 585, "mild lumbar degeneration," Tr. at 18; see Tr. at 527, "mild levocurvat[u]re," Tr. at 18; see Tr. at 567-68, and mild to moderate lumbar tenderness, Tr. at 18, 20; see Tr. at 565. The ALJ indicated that a CT scan of Plaintiff's lumbar spine showed "annular disc bulges, which contribute to moderate neural foraminal narrowing at L4-5, with mild foraminal narrowing in the remainder of the lumbar spine." Tr. at 18; see Tr. at 569. The Decision reflects, however, that the ALJ concluded that, overall, the medical evidence shows unremarkable findings. See Tr. at 17-20. As to the Shands records, the undersigned notes that they do show some normal findings, see, e.g., Tr. at 672, 679, 692, 728-29; but, as the ALJ recognized, they also show "further deterioration of [Plaintiff's] cervical spine," Tr. at 20; see Tr. at 677, 687, 695. To the extent the ALJ's statement that there were "normal findings upon testing" is inconsistent with his discussion of the medical evidence or with the Shands records, this inconsistency is harmless as the undersigned finds there is substantial evidence to support the ALJ's finding that there is no "indication that [Plaintiff] could not perform work within the [RFC]." Tr. at 20.

significant impairments in work[-]related intellectual functioning or concentration," and "Dr. McCormick opined that [Plaintiff] was likely functioning at the light activity level given his back tenderness." Tr. at 19; see Tr. at 606-07 (Dr. Knox's findings as to Plaintiff's mental status indicating no significant impairments), 613 (note by Dr. McCormick indicating, "[Plaintiff] is probably functioning in a lighter activity level"). The ALJ concluded that "the medical record, the course of conservative treatment, the frequency and duration of care, the lack of treatment during the applicable period, and [Plaintiff's] own[ ] acknowledged abilities establish his capacity to perform work within the [RFC]." Tr. at 21.

Despite Plaintiff's claim that the record supports an RFC for sedentary work, Plaintiff does not direct the Court to any objective medical findings demonstrating greater limitations than those assessed by the ALJ. Plaintiff merely notes that the medical evidence shows he suffers from spinal osteoarthritis and degenerative disc disease and experiences arthritic and nerve pain. Pl.'s Mem. at 19. Plaintiff offers no explanation as to how these impairments show he is unable to perform work within the RFC determination. See id. Accordingly, Plaintiff's argument fails. See Moore v. Barnhart, 405 F.3d 1208,1213 n.6 (stating that "the mere existence of [some] impairments does not reveal the extent to which they limit [a plaintiff's] ability to work"); McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986) (recognizing that the severity of an impairment "must be measured in terms of its effect upon [a claimant's] ability to work").

The ALJ did not err in finding that Plaintiff is able to perform his past relevant work. See Tr. at 21-22. In making this determination, the ALJ properly relied on the Dictionary of Occupational Titles and on the VE's testimony that an individual with the assessed RFC

would be able to perform Plaintiff's past work as a photocopy machine operator. See Tr. at 21-22, 49-50; 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); New v. Comm'r of Soc. Sec., 5:12-CV-211-OC-18PRL, 2013 WL 3804846, at *5 (M.D. Fla. July 8, 2013) (finding that "[a]n ALJ may rely on a VE's testimony regarding the demands of a plaintiff's past relevant work and the plaintiff's ability to perform her past relevant work"); Savor v. Shalala, 868 F.Supp. 1363, 1365 (M.D. Fla. 1994) (finding that "by eliciting the opinion of a vocational expert," the ALJ properly determined Plaintiff could perform past work). The undersigned concludes that substantial evidence supports the ALJ's finding that Plaintiff's past relevant work as a photocopy machine operator is within the assessed RFC for a modified range of light work. Accordingly, Plaintiff's argument regarding application of the Grids need not be addressed because the Grid upon which Plaintiff relies, Grid Rule 201.14, applies only to individuals with an RFC for sedentary work.

In sum, the undersigned finds the ALJ's determination that Plaintiff is able to perform a reduced range of light work is supported by substantial evidence. Moreover, the ALJ correctly determined that Plaintiff would be able to perform his past relevant work as a photocopy machine operator.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**RECOMMENDED**:

1. That the Clerk of Court be directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **AFFIRMING** the Commissioner's final decision.

2. That the Clerk be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on December 15, 2017.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of record